IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DANNY GEORGE SHURON   *

Plaintiff   *

v   *   Civil Action No. ELH-11-1328

SOLOMON HEJIRIKA   *

Defendant   *
  ***

## MEMORANDUM

The court-ordered supplement was filed on June 3, 2011. ECF No. 4. Plaintiff states that he did not lose good conduct time as a result of the infraction filed against him. The only sanction imposed was loss of visits for 30 days. The essence of his claim is that he did not have access to Division of Correction Directives (DCD) prior to the adjustment proceeding. He states his lack of access to the DCDs meant he had no choice but to plead guilty to the charges in the infraction in exchange for a more lenient penalty.

There is no question that Plaintiff has a liberty interest in maintaining earned good conduct credits. It is well established that the revocation of good conduct credits may not take place without first providing the inmate with the protections of procedural due process. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974).

In the instant case, Plaintiff did not lose good conduct time. Plaintiff maintains, however, that the damage he sustained as a result of his adjustment conviction was his loss of visiting privileges, loss of income, and loss of job experience and training.

The liberty interest Plaintiff asserts is tenuous, at best. The touchstone for determining whether a particular housing assignment within the prison invokes a liberty interest has been explained by the Supreme Court. "[T]hese interests will be generally limited to freedom from

restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483– 84 (1995). In *Beverati v. Smith*, 120 F.3d 500, 504 (4th Cir. 1997), this standard was applied to allegations concerning confinement to administrative segregation for six months in "cells [that] were infested with vermin; were smeared with human feces and urine; and were flooded with water from a leak in the toilet on the floor above." The Court held that those conditions did not implicate a liberty interest in avoiding administrative segregation because they did not represent a significant hardship. *Id*.

On this basis, plaintiff's loss of visits and income are not "significant hardships." *See White v. Keller*, 438 F. Supp. 110, 115 (D. Md. 1977) (prisoners and their visitors do not have a constitutional right to prison visitation but a permanent ban may implicate the Eighth Amendment). Thus, the due process claim raised must be dismissed.

To the extent the complaint raises claim under *Bounds v. Smith*, 430 U. S. 817, 821 (1977), because plaintiff was deprived of access to legal materials (DCDs), the claim shall go forward. A separate order follows.

<u>July 5, 2011</u>  
Date

<u>/s/</u>  
Ellen L. Hollander  
United States District Judge